IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH MOORE, on behalf of himself and all other similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 21-03212-CV-S-BP |
| | ) | |
| WILSON LOGISTICS, INC., | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF
CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT**

The Court previously certified two classes in this case. Pursuant to 28 U.S.C. § 216(b), the Court certified a collective action of "B seat," "C seat," and "D seat" drivers to assert claims for unpaid wages under the Fair Labor Standards Act (the "FLSA"). (Doc. 56, pp. 12-13.)[1] The Court also certified a class pursuant to Rule 23 of the Federal Rules of Civil Procedure consisting of D seat drivers asserting claims under the Missouri Minimum Wage Law (the "MMWL"). (Doc. 56, p. 13.)

The parties entered a Settlement Agreement (the "Agreement") in May 2025, which provided relief to members of both the FLSA Collective and the Rule 23 Class. (Doc. 216-1.) Later that month, the Court granted a Motion for Preliminary Approval and directed that Notices approved by the Court be issued to members of the FLSA Collective and the Rule 23 Class. (Doc. 217.)

In August 2025, Plaintiff filed a Motion for Final Approval. As previously scheduled in the Order Granting Preliminary Approval, a hearing was held on September 23, 2025. After

---

[1] All page numbers for documents filed with the Court are those generated by the CM/ECF system.

considering the parties' arguments and the Record, the Motion for Final Approval, (Doc. 220), is
**GRANTED**.  In granting the Motion, the Court makes the following findings:

1. The Court had already approved a collective action under the FLSA and a class action under Rule 23 before the settlement was executed, and there is no need for the Court to repeat the analysis supporting those decisions.

2. The Notice Plan approved by the Court adequately informed members of the class and the collective of their rights and options.  Further, the Notice Plan satisfied the requirements of both Rule 23 and the Due Process Clause.

3. The class representative (Joseph Moore) and Class Counsel have adequately represented the class and the collective.

4. The Agreement was negotiated at arm's length with the assistance of the Honorable Willie J. Epps, Jr., a United States Magistrate Judge for this District.

5. The Agreement represents a fair and reasonable resolution of bona fide disputes under the FLSA and the MMWL.  The Court reaches this conclusion based on:

    a. the settlement amount,

    b. provisions for Defendant to forgive any debts owed by the D seat drivers,

    c. the potential recovery based on the opinions of Plaintiff's expert witness,

    d. the Court's prior rulings on the parties' Motions for Summary Judgment and their effects on the risks of continued litigation,

    e. the lack of any objections from those who would benefit from the settlement, and

    f. the Court's knowledge of the litigation history and the issues in the case.

6. The Agreement calls for Defendant to pay $300,000 to Plaintiff's attorneys; $250,000 is for fees and $50,000 is for costs and expenses (excluding the fees that must be paid to the Claims Administrator).  The Court finds these amounts are reasonable, and further finds

2

the fees and costs were negotiated separately from the relief (both monetary and nonmonetary) for the classes.[2]

7. The proposed distribution of the settlement funds, (*see* Agreement, ¶ 2), including the service awards, (*see* Agreement, ¶¶ 2(iii)-(iv)), are fair and reasonable.

8. The proposed method for distributing the funds, (*see* Agreement, ¶ 8), is fair and reasonable.

In light of these findings and the Court's decision to grant the Motion, it is **ORDERED** as follows:

1. Defendant shall fund the settlement, which will be distributed in accordance with the terms of and pursuant to the schedule set forth in the Agreement.

2. Defendant shall also pay the attorney fees, costs, and other amounts specified in the Agreement.

3. The case is hereby **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over this case to enforce, and resolve any disputes regarding, the Agreement.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: September 23, 2025          UNITED STATES DISTRICT COURT

---

[2] The Court acknowledges its power to review the fees in an FLSA settlement is limited to insuring they are negotiated separately from the wage claim. *E.g.*, *Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019). However, this settlement also encompasses non-FLSA claims, so the Court addresses the reasonableness of the fees.

3